UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL T. MAXWELL,

        Plaintiff,

    v.

ROY KAYLOR,

        Defendant.

Case No. 18-cv-06121-NC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Re: Dkt. No. 40

This dispute arises from an interest in real property in Santa Cruz County, California. Plaintiff Michael Maxwell's First Amended Complaint asserts nine state law claims against defendant Roy Kaylor. *See* Dkt. No. 39. Before the Court is Kaylor's motion to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Dkt. No. 40. The crux of this order is whether Maxwell has alleged a sufficient amount in controversy to meet the subject matter jurisdiction requirements of 28 U.S.C. § 1332(a). Because Maxwell fails to allege an amount in controversy over $75,000, the Court GRANTS Kaylor's motion to dismiss.

## I.    Background

### A.    Allegations of the First Amended Complaint

Kaylor granted Maxwell an "exclusive life estate" in the 153-acre subject real property. *See* Dkt. No. 39 at 4. Kaylor signed a "Contract of Sale and Declaration of

Rights in Lands" and recorded the conveyance of the "exclusive life estate" in a "UCC Financing Statement." *Id*. at 7.  The contract specifies that Maxwell's interest includes access to the property as well as removal and harvesting of non-Redwood trees.  Dkt. No 39, Maxwell Exhibit 1.  After Maxwell acquired this interest, Kaylor allowed others to use the subject property without Maxwell's permission or remuneration.  *Id*. at 2.

Kaylor dumped numerous motor vehicles on the property such that Santa Cruz County instituted a receivership action over it.  *Id*. at 7–8.  Kaylor then attempted to deprive Maxwell of Maxwell's interest in the subject property by filing a Motion to Interplead in the Santa Cruz County Superior Court.  *Id*. at 8.   Kaylor's motion was denied.  *Id*.  Next, Kaylor filed a cease and desist order against Maxwell in Klamath County, Oregon.  *Id*. at 10.  The Klamath County court dismissed Kaylor's action.  *Id*.

Maxwell brings this action to assert his property interests.  Specifically, Maxwell seeks (1) to quiet title against Kaylor's claims of interest in the property; (2) declaratory relief recognizing Maxwell's interest in the property; (3) a court order for specific performance compelling Kaylor to act in accordance with Maxwell's interest in the property; (4) punitive and exemplary damages to recover from Kaylor's fraudulent failure to properly assign property interests to Maxwell; (5) injunctive relief prohibiting Kaylor from acting not in accordance with Maxwell's alleged property interest; (6) punitive and exemplary damages to recover from harms caused by Kaylor's breach of covenant of good faith and fair dealing; (7) a restraining order enjoining Kaylor from using the property without Maxwell's permission; and (8) general damages, special damages, emotional stress damages, punitive damages, and exemplary damages for Kaylor's abuse of process, as well as an injunction prohibiting Kaylor from engaging in abusive litigation.  Dkt. No. 39.

Maxwell asserts that this Court has subject matter jurisdiction in the form of diversity jurisdiction over his claims.  Dkt. No. 39 at 3.  To show the amount in controversy required for diversity jurisdiction, Maxwell provided the contract for the sale of land as well as a declaration from his counsel stating that the property had been listed for sale for $6.5 million, that an offer to purchase the property was made for $1.1 million,

2

and that logging rights for Douglas Fir and Redwood trees on Santa Cruz mountain properties are generally worth millions of dollars according to a forester named Steven Butler.  Dkt. No. 50, Schwartz Decl. at 2.

### B.    Procedural Background

Maxwell filed a complaint against Kaylor alleging negligence, breach of fiduciary duty, elder abuse, RICO conspiracy, abuse of process, malicious prosecution, and defamation.  Dkt. No. 1.  Kaylor moved to dismiss.  Dkt. No.10.  The Court held a hearing and warned Kaylor that it was concerned it lacked subject matter jurisdiction over his claims due to insufficient pleading of both citizenship and the amount in controversy.  Dkt. No. 36.  The Court granted Kaylor's motion to dismiss for lack of subject matter jurisdiction and granted Maxwell leave to amend to cure the jurisdictional defects.  Dkt. No. 37; Fed. R. Civ. P. 12(b)(1).  Maxwell filed an amended complaint for breach of contract, fraud, and abuse of process, along with additional allegations related to both citizenship and the amount in controversy.  *See* Dkt. No. 39.  Kaylor moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction.  *See* Dkt. No. 40.  The Court held a hearing on the motion where it again warned Maxwell of its concern that it lacked subject matter jurisdiction over this case.  *See* Dkt. Nos. 55, 56.

All parties have consented to the jurisdiction of a magistrate judge.  *See* Dkt. Nos. 6, 11, 12.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction.  Generally, federal courts have subject matter jurisdiction only over three types of cases: (1) where the United States is a party; (2) where there is a "federal question" asserted; and (3) where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

Subject matter jurisdiction is a threshold issue.  Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because other grounds become moot if dismissal is granted.  *Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir.),

3

*cert. denied*, 423 U.S. 874 (1975).  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) goes to the power of the court to hear the case.  Fed. R. Civ. P. 12(b)(1).  The Court presumptively lacks jurisdiction and the burden to show jurisdiction is on the party that seeks to assert it.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  Federal subject matter jurisdiction must exist at the time the action is commenced.  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989).

A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction or the truthfulness of the jurisdictional facts alleged by the plaintiff.  *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Where a 12(b)(1) motion asserts that the pleadings are insufficient to establish federal jurisdiction, the Court considers the plaintiff's factual allegations to be true and "affords the plaintiff safeguards akin to those applied when a Rule 12(b)(6) motion is made."  *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).  However, where a 12(b)(1) motion challenges the truthfulness of the jurisdictional facts underlying the plaintiff's complaint, the Court may evaluate the merits of competing jurisdictional claims for itself.  *Id*. at 57, (quoting *Thornhill*, 594 F.2d at 733).  Under this standard, the plaintiff's factual allegations do not carry a presumption of truthfulness as in 12(b)(6) motions.  *Id*.

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

Subject matter jurisdiction on the basis of diversity requires both (1) complete diversity of citizenship between the parties and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332.  Maxwell asserts that this Court has diversity jurisdiction over this case.  Dkt. No. 39 at 3.

4

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.     Diversity of Citizenship

Diversity of citizenship must exist at the time the lawsuit is filed.  Citizenship is determined by domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Maxwell bears the burden of alleging sufficiently the existence of complete diversity of citizenship.  *See Kokkonen*, 511 U.S. at 377.  Here, the complaint alleges that Maxwell is domiciled in California and that Kaylor is domiciled in Oregon.  Dkt.  No. 39 at 3–4.  Thus, Maxwell has established diversity of citizenship.

### B.     Amount in Controversy

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  This is an estimate of the amount in dispute, not a prospective assessment of defendant's liability.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Where a plaintiff claims a right that is so intangible that its value is speculative, subject matter jurisdiction is not satisfied. *Jackson v. American Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976).

The amended complaint recounts the conclusion that the "value of the Exclusive Life Estate" exceeds $75,000.  Dkt. No. 39 at 4.  In support of that conclusion, Maxwell attached to his opposition to the motion to dismiss the two-page "Contract of Sale and Declaration of Rights in Lands" signed by Kaylor.  Dkt. No. 39, Ex. 1 at 1.  The contract grants a "life estate beneficial interest" in the property to Maxwell.  *Id*.  The contract itself is difficult to comprehend as to the duration of Maxwell's interest.  The contract describes Maxwell's right as both a "life estate interest" and also states that this interest lasts "for 75 years commencing from the date of 31 October 2011 6:00 PM Pacific Time."  *Id*.  It later states that the right is limited to "the duration of the natural life" of Maxwell.  *Id*.  Whether Maxwell's interest is limited to his lifespan or to 75 years, ending in October 2076, is unclear.

The nature of the interest itself is similarly ill-defined.  Maxwell's interest is said to include "full access to these lands, his continuous enjoyment."  *Id*.  It also includes

"individual tree removal(s) of non-Redwood trees."[1]  *Id*.  The removed timber "may be harvested and its wood cutting into smaller sizes for necessary and useful firewood at the exclusive personal direction of Colonel Michael Maxwell and those Forestry Experts that he may or may not chose to consult with."  *Id*.  The Court is unsure what this right entails—may Maxwell only remove one "individual" tree at a time? Must the timber be used for firewood?  The contract raises more questions than it answers.

Additionally, Maxwell attaches a declaration from his counsel, Mr. Schwartz, that describes a conversation between Schwartz and a forester named Steven Butler.[2]  Dkt. No. 50, Att. 1 (Schwartz Declaration).  Mr. Butler apparently told Mr. Schwartz that logging rights for Douglas Fir and Redwood trees on Santa Cruz mountain properties are worth millions of dollars.  Schwartz Decl. at 2.  The Court does not consider this evidence for two reasons.

First, the declaration includes inadmissible hearsay evidence: it recounts statements allegedly made by Mr. Butler to Mr. Schwartz.  *Id*.; *see* Fed. R. Evid. 801(c).  The declaration includes mathematical equations done by Mr. Schwartz apparently based upon information provided by Butler about the frequency of harvests in the Santa Cruz Mountains, the price of Redwood and Douglas Fir trees per board feet, the yield of those tree varieties, and how this data adds up to show that "the Maxwell-Kaylor property can be expected to generate millions of dollars of income over the years ahead."  Schwartz Decl. at 2.  The declaration also includes a quote attributed to Mr. Butler.  *Id*.  None of this

---

[1] Maxwell's counsel asserts that there is a dispute between the parties regarding Maxwell's right to remove Redwood trees.  Schwartz Decl. at 1.  This is argument, not evidence. Maxwell does not allege a right to remove Redwood trees in the amended complaint, nor does any evidence in the record indicate that Maxwell may remove Redwood trees.  The contract only includes the right to remove non-Redwood trees.  The Court assumes throughout this Order that Maxwell's interest includes only the removal of non-Redwood trees as asserted in both the amended complaint and in the attached contract.  Dkt. No. 39, Ex. 1.

[2] Kaylor requested judicial notice over multiple exhibits related to the declaration of Maxwell's counsel in support of his reply to the opposition to the motion to dismiss.  Dkt. No. 53.  The Court found no need for these exhibits in deciding on the motion, so the request for judicial notice is DENIED.

United States District Court
Northern District of California

1    evidence is admissible because it is hearsay.  Maxwell could have provided a declaration

2    from Mr. Butler himself, sworn under penalty of perjury.  But he did not.  The Court

3    cannot consider this hearsay evidence in support of subject matter jurisdiction.

4         Second, even if the Court were to consider the declaration, Mr. Butler's statements

5    do not show what amount is in controversy for *Maxwell's* interest in this property.  For

6    instance, Butler's alleged valuations are not of Maxwell's logging rights in the subject

7    property, but rather of logging rights for Santa Cruz mountain properties generally.  *Id*.

8    The valuation of logging rights on Santa Cruz mountain properties generally bears an

9    intangible relationship to Maxwell's interest in the subject property.  *Jackson*, 538 F.2d at

10   831.  Butler also describes the value of logging rights of Redwood trees, but Maxwell has

11   only presented evidence that he was given the right to log non-Redwood trees.  This

12   general information about the area, plus details irrelevant to Maxwell's interest, does

13   nothing to establish the amount in controversy here.

14        Maxwell also alleges that the property has been listed for sale for $6.5 million and

15   that an offer to purchase the property was made for $1.1 million.  Schwartz Decl. at 2.  The

16   only evidence for these allegations is found in Mr. Schwartz's declaration.  Regardless of

17   their reliability or lack thereof, these valuations of a previous sale listing and an offer to

18   purchase again fail to indicate the value of Maxwell's interest in the property, but instead

19   speak to the value of the entire property.  What Maxwell must show is the value of his own

20   interest.

21        Finally, Maxwell attaches as an exhibit to his amended complaint a notarized

22   receipt for a $20 payment made to Kaylor as consideration for his interest in the property.

23   Dkt. No. 39, Ex. 1 at 5.  While the image quality makes some portions of the exhibit

24   difficult to ascertain, this evidence that Maxwell paid $20 in consideration for his interest

25   in the land surely cuts against his allegation that the value of that interest exceeds $75,000.

26        Maxwell's allegations are speculative and do not sufficiently plead subject matter

27   jurisdiction.  *Jackson*, 538 F.2d at 831.  Thus, the Court finds that Maxwell has failed to

28   establish that the amount in controversy exceeds $75,000.

**IV.    CONCLUSION**

Without more, the Court may not exercise jurisdiction over the present case because Maxwell has failed to show that the value of his interest in the subject property exceeds $75,000.  The Court may not presume jurisdiction is satisfied.  To the contrary, it is the plaintiff's burden to show that the jurisdictional threshold is met.  Because Maxwell has not met that burden here, the motion to dismiss under Rule 12(b)(1) is GRANTED.

The Court previously granted leave to amend to demonstrate subject matter jurisdiction and held two hearings on this issue, but Maxwell failed to allege any new facts or provide admissible evidence indicating that the amount in controversy exceeds $75,000. The Court finds that this deficiency will not be cured by another opportunity to allege facts.  Accordingly, the Court does not grant further leave to amend.

The case is DISMISSED with prejudice in its entirety for lack of subject matter jurisdiction.  The Court therefore may not rule on the motion to strike at Dkt. No. 42.  The Court also strikes from the record Maxwell's extraneous filing at Dkt. No. 57.  The clerk is hereby ORDERED to terminate this case.

**IT IS SO ORDERED.**

Dated:  June 4, 2019                                     _____

NATHANAEL M. COUSINS
United States Magistrate Judge

8